IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIKA POWELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-05-0806 |
| | § | |
| NATIONAL ACTION FINANCIAL | § | |
| SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

ORDER

_____Pending before the Court is Plaintiff Erika Powell's Motion to Remand (Document No. 3). Having considered the motion, submissions and applicable law, the Court determines that the motion to remand should be Granted.

BACKGROUND

Plaintiff, Erica Powell ("Powell") initiated this suit in the 280th Judicial District Court of Harris County, Texas, against Defendant, National Action Financial Services, Inc. ("NAFS") on January 24, 2005, asserting claims for intentional infliction of emotional distress, invasion of privacy by intrusion, violation of the Texas Debt Collection Practices Act and violation of the Texas Deceptive Trade Practices Act ("DTPA"). The catalyst for Powell's suit occurred while Powell was in the hospital giving birth. According to Powell, during her stay in the hospital her family and friends

relayed Powell's phone messages.  Powell alleges that during this time NAFS's agents

repeatedly called her, leaving messages concerning collection of a past due account.

On one occasion, an NAFS agent purportedly left a message for Powell falsely claiming

that NAFS had obtained a judgment against Powell's social security number.  The

message allegedly conveyed a false sense of urgency concerning the collection.  A

neighbor heard the message and relayed it to Powell in the hospital.

On March 14, 2005, NAFS filed notice of removal to the United States District

Court for the Southern District of Texas, Houston Division on the basis of diversity

jurisdiction.[1]  On March 17, 2005, Powell filed the instant motion to remand the case

back to state court.  Powell alleges the amount in controversy is below the $75,000

threshold required for federal jurisdiction.  *See* 28 U.S.C. § 1332 (2000).  Pursuant to

Rule 47(b) of Texas Rule of Civil Procedure, Powell's Original Petition did not state

a specific dollar amount in her claim for unliquidated damages.  *See* TEX. R. CIV. P.

47(b).  Powell contends NAFS cannot demonstrate that the amount in controversy

exceeds the $75,000 limit.

After removal from state court, NAFS offered to agree to remand if Powell

would stipulate that the amount in controversy was below $75,000.  Powell refused.

---

[1]Powell is a citizen of Houston, Texas.  NAFS is incorporated in Georgia and has its principle place of business in Norcross, Gwinnett County, Georgia.

On April 5, 2005, NAFS filed a Response to Plaintiff's Motion to Remand.  NAFS contends because the DTPA allows for the possibility of treble damages, removal to federal district court is proper.  NAFS further indicates that Plaintiff's refusal to consent to the stipulation agreement is tantamount to admission that the claim is for more than $75,000.  Finally, NAFS argues the amount discussed in the pre-suit settlement negotiations should not be used as a basis to calculate the amount in controversy.  NAFS contends this amount should not be taken into consideration because negotiated settlement amounts typically exclude exemplary and/or punitive damages and tend to reflect attorney's fees lower than what would be expected if the case were to proceed to trial.

<u>LAW AND ANALYSIS</u>

Powell alleges removal is improper because the amount in controversy does not exceed the $75,000 jurisdictional threshold.  Pursuant to 28 U.S.C. § 1441, a defendant may remove any civil action from state court to United States District Court where the District Court has original jurisdiction.  28 U.S.C. § 1441 (2000). District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the action is between citizens of different states. *See* § 1332.  However, the removing party bears the burden of proving that the facts of the case are adequate to establish federal jurisdiction. *Gaitor v.*

3

*Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961).

If the claim is apparently made in good faith, the sum claimed by the plaintiff is controlling on the amount in controversy issue. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). In the situation where the plaintiff's complaint does not specify an amount in controversy, the removing defendant must demonstrate by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional threshold. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993) (hereinafter "*De Aguilar I*"). Further, any ambiguities or doubts should be construed in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). In short, if the defendant fails to prove federal jurisdiction exists and doubts regarding the propriety of removal remain, the district court must remand the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

Demonstrating that the amount in controversy exceeds the jurisdictional threshold can be satisfied in one of two ways. The first occurs when the plaintiff's original state court petition makes it "facially apparent" that plaintiff's claims exceed the jurisdictional amount. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). In the alternative, if the amount in controversy is not facially apparent, then the removing party must demonstrate jurisdiction by presenting facts sufficient to support a finding that the amount in controversy exceeds $75,000.

4

*Asociacion Nacional de Pescadores A Pequene Escala O Artesanales de Colombia v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (hereinafter *"ANPAC"*).  During this phase of the jurisdictional analysis, the court may consider "summary-judgment-type evidence." *Allen v. R. & H. Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995).  The Court must scrutinize the jurisdictional facts as they existed at the time of removal.  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).  The Court may consider pleadings or affidavits submitted by the plaintiff for the purpose of clarifying the amount in controversy question.  *Id.* at 565.  When a post-removal affidavit or pleading is relevant to resolve an incomplete jurisdictional question, the Fifth Circuit allows for the introduction of information to clarify the jurisdictional situation.  *De Aguilar II*, 47 F.3d at 1406.  If the affidavit or amended pleading is submitted to "clarify a petition that previously left the jurisdictional question ambiguous," then it will be allowed.  *ANPAC*, 988 F.2d at 565.  These submissions are not considered post-removal events, restricting their review, because the court is still in the process of determining if jurisdiction is proper.  *Id.*

Here, pursuant to Rule 47(b) of Texas Rule of Civil Procedure, Powell's original petition is silent on the issue of amount in controversy.  *See* TEX. R. CIV. P. 47(b).  As such, Powell's state court petition does not indicate that the amount in controversy

exceeds $75,000. *St. Paul Reinsurance*, 134 F.3d at 1253. The Court notes that after examining the original petition, the injuries allegedly incurred by the plaintiff do not appear to be "overly extreme." *See Batiste v. Messer*, No. Civ.A. 99-0486, 1999 WL 529536 (E.D. La. July 22, 1999) (finding that personal injuries and damages resulting from an auto accident were not overly extreme and thus the action did not facially appear to exceed $75,000). Nor are they the type of harm which may require continued or future medical treatment. *Cf. Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (affirming district court's denial of remand where the plaintiff sustained extensive physical injuries); *Wise v. Bayer*, 281 F. Supp. 2d 878, 884-85, (W.D. La. 2003) (finding amount in controversy exceeded $75,000, where plaintiff's stated damages were less than $50,000, but did not account for severe, on-going, physical injuries); *Evett v. Consol. Freightways Corp.*, 110 F. Supp. 2d 510, 512 (E.D. Tex. 2000) (finding that the amount in controversy exceeded $75,000, where future medical expenses of $71,215 did not incorporate compensation for massive facial injuries and the resulting physical and emotional disfigurement). Further, even after consideration of the possible statutory and common law damages, the Court cannot find sufficient evidence in the Powell's Original Petition to determine the amount in controversy exceeds $75,000. Thus, it is not "facially apparent" from the Original Petition the amount in controversy exceeds $75,000.

Because the amount in controversy is not "facially apparent," the Court must next determine if NAFS has demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *ANPAC*, 988 F.2d at 565.  To meet its burden, NAFS points to the both the Texas Debt Collection Practices Act and the DTPA to argue that if exemplary and treble damages are awarded, the amount in controversy would exceed $75,000.  However, the defendant must "do more than point to a state law that *might allow* the plaintiff to recover more than what is pled."  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (hereinafter "*De Aguilar II*") (emphasis added).  The defendant must present facts establishing that the actual amount in controversy exceeds $75,000.  *Id.*  NAFS's reliance on possible damages allowed under a particular statute is insufficient to demonstrate that the amount in controversy is greater than $75,000.

Next, NASF argues Powell's failure to stipulate that she seeks less than $75,000 is tantamount to an admission that the controversy is over $75,000.  However, the defendant may not base his argument for removal squarely on the plaintiff's failure to stipulate to an amount in controversy.  *McLain v. Am. Int'l Recovery, Inc.*, 1 F. Supp. 2d 628, 631 (S.D. Miss. 1998).  "The mere failure to respond to a request for stipulation cannot be used as a basis for removal."  *Id.*

Thus, NASF asks the Court to determine that the amount in controversy exceeds

the $75,000 threshold, but fails to provide any evidence to substantiate this claim. Facts supporting removal cannot be based merely on conclusory allegations set forth by the defendants. *Allen*, 63 F.3d at 1335. "[B]are allegations by a removing party have been held insufficient to invest a federal court with jurisdiction." *ANPAC*, 988 F.2d at 566.

The Court also notes that the evidence presented actually undermines the Defendant's allegations that the amount in controversy exceeds $75,000. Specifically, the parties' three settlement negotiations evince that the amount in controversy here is below the $75,000 threshold. *See Batiste v. Messer*, No. Civ.A. 99-0486, 1999 WL 529536 (using previous settlement proposals to facilitate determination of the amount in controversy). During the parties' settlement negotiations in the instant matter three dollar amounts were considered, $22,500, $19,500 and $15,500. From this evidence it is clear that both parties were well aware that the amount in controversy is below the requisite $75,000 threshold. Furthermore, in Powell's reply, Powell, through her attorney, stipulates that the amount in controversy in the case at bar does not exceed the $75,000 jurisdictional threshold.

As discussed above, Powell's petition is silent on the amount in controversy and it is not facially apparent that the amount exceeds the jurisdictional requirement. NAFS fails to provide any substantive evidence as proof that the amount in controversy

8

exceeds $75,000.  Finally, other evidence indicates that the amount in controversy is less than the $75,000 jurisdictional requirement.  Given the foregoing the Court hereby

ORDERS that Powell's Motion to Remand (Document No. 3) is GRANTED. This case shall be REMANDED to the 280th Judicial District Court of Harris County, Texas.

SIGNED at Houston, Texas, on this 4th day of August, 2005.

_____

DAVID HITTNER

United States District Judge

9